## James Neely, Admr., Plff. in Err., *v.* James A. McClure, Exr., et al.

An agreement between parties interested in a judicial sale of land, that one of them shall bid enough to cover certain liens on which the other might be collaterally liable, and that the other shall not bid against him, no plan being formed or means used to procure for either an unjust advantage over third persons, or to prevent bidding by them, is not unlawful.

(Decided October 19, 1885.)

Error to the Common Pleas of Clarion County to review a judgment on a verdict for defendants in a cause of *scire facias sur* judgment. Affirmed.

The plaintiff below was James Neely, suing as administrator

Cited in Gulick v. Webb, 41 Neb. 712, 43 Am. St. Rep. 720, 60 N. W. 13, as to validity of agreements relating to bidding at judicial sales.

NOTE.—In Slingluff v. Eckel, 24 Pa. 472 an agreement to pay the judg-

*de bonis non, cum testamento annexo,* of John C. McClure; and
the defendants were James A. McClure, as executor of John C.
McClure, and James Wilkins.    James A. McClure and John
C. McClure were brothers and step-sons of James Wilkins.    In
February, 1876, a judgment on a note was entered by confes-
sion, in favor of John McClure and against John C. McClure
and James and Jemima Wilkins; it was afterwards revived,
the plaintiff and defendants, John C. McClure and Jemima
Wilkins, having died, in the names of their representatives, and
stood in force in October, 1879.    The present suit was a scire
facias issued on the judgment as thus revived.

On the trial, the defendants set up that at the orphans' court
sale, in October, 1879, of real property, on which this judgment
was a lien, and which belonged to John C. McClure, the defend-
ant in the original judgment, in his lifetime, it was agreed be-
tween Wilkins, James A. McClure, the executor of John C. Mc-
Clure, and John Beatty, who was the executor of John McClure,
the plaintiff in the judgment, that Beatty was to purchase the
property; that he was to bid enough on the property to cover
prior liens,—that is, prior to the McClure judgment; and that
it was agreed to satisfy that judgment.    They charged that this
was a collusive arrangement to bid the property up as high as
possible, that there was no possibility of the property bringing
sufficient to cover the McClure judgment after paying prior
and subsequent liens and that the arrangement or agreement
made was that the prior liens and the McClure judgment were
to be covered by the bid of Beatty, and that whether the sum
bid covered the Beatty judgment or not, it was to be satisfied.
The defendants denied that there was any such agreement or
understanding.    The judge charged the jury, in substance:
(1) That any combination between parties, whether creditors
or not, or any agreement for the purpose of enabling one of
them to secure a secret advantage at a judicial sale, by preven-
tion of biddings, is unlawful and void;    (2) but that, if the

ment of another if he would not bid against the former, who purchased, was
held void.    A like interpretation was given in Barton v. Benson, 126 Pa.
131, 12 Am. St. Rep. 883, 17 Atl. 642; and Hays's Estate, 159 Pa. 381, 28
Atl. 158.    But such a contract has been held binding where the arrange-
ment was made known, and assented to by the defendant in the execution,
and to all of the lien creditors who could be affected by it.    Maffet v. Ijams,
103 Pa. 266.

evidence only showed that the defendant, James Wilkins, was bail for John C. McClure in the judgment suit, and intended bidding up the real estate of John C. McClure at the executor's sale thereof, to a sum sufficient to cover said judgment, but no more, and that he refrained from doing so by reason of the agreement of John Beatty, executor of the plaintiff in the judgment, that he would bid the property in, pay off the prior liens, and satisfy the judgment, and, if no effort or artifice was used to deter outside parties from bidding, the verdict should be for the defendants.

The jury found for the defendants; and the plaintiff brought error.

*Wilson, Jenks & Reed,* for plaintiff in error.—If the language of the court, taken in connection with the circumstances of the case, may have misled the jury as to the law; or if the tendency of the charge was to mislead them,—it is ground for reversal. Bisbing v. Third Nat. Bank, 93 Pa. 79, 39 Am. Rep. 726; Fawcett v. Fawcett, 95 Pa. 376.

It is nothing to the purpose to say that neither the estate of John C. McClure, nor its creditors, except the plaintiff, were injured by this arrangement; such contracts contravene public policy, and are, therefore, void. Jones v. Caswell, 3 Johns. Cas. 29, 2 Am. Dec. 134.

It is not the policy of the law to inquire what is, or may be, the result of this kind of a contract. If it include an agreement not to bid at a public sale, it is void on principle. Brisbane v. Adams, 3 N. Y. 129; Thompson v. Davies, 13 Johns. 112.

Judicial sales must be open to free and fair competition. Slingluff v. Eckel, 24 Pa. 472.

Agreements to suppress competition at such sales are void, and cannot be enforced between the parties. Wharton, Cont. § 443.

*J. H. Patrick, J. B. Patrick, and B. J. & A. B. Reid,* for defendants in error.—Under the instructions given to the jury, and repeated by the court below in various forms, the finding of the jury establishes conclusively that no artifice or effort was used to deter creditors or outside parties from bidding; that there was no agreement or combination to prevent bidding, to the detriment of creditors, or to obtain any advantage; in other

words, that no actual fraud on anyone's rights was committed or intended. The purpose, then, having been fair and honest, and no one having been injured in fact or intent, must the agreement in question be treated as a legal fraud and against public policy, on the supposition that someone might have been defrauded by it, or that it tended to prevent competition and depress the price of the property?

Some of the cases cited by counsel for plaintiff in error, would probably sustain this extreme view. They are selected from the earlier cases on the subject, and have not been followed by the later authorities. In Kearney v. Taylor, 15 How. 517, 14 L. ed. 797. NELSON, J., says: "There are some cases deriving their principle from the severe doctrines of Bexwell v. Christie, 2 Cowp. 396, and Howard v. Castle, 6 T. R. 643, to be found in books of high authority in this country, that would carry us the length of avoiding this sale, simply on the ground of this association having been formed for the purpose of bidding off the premises; for the reason that all such associations tend to prevent competition, and thereby to a sacrifice of the property." Jones v. Caswell, 3 Johns. Cas. 29, 2 Am. Dec. 134; Doolin v. Ward, 6 Johns. 194; Wilbur v. How, 8 Johns. 444; Thompson v. Davies, 13 Johns. 112; Dudley v. Little, 2 Ohio, 505, 15 Am. Dec. 575; Gulick v. Ward, 10 N. J. L. 87, 18 Am. Dec. 389; 2 Kent, Com. 539; 1 Story, Eq. § 293. Later cases, however, have qualified this doctrine, by taking a more practical view of the subject and principles involved.

In the text of 1 Wharton on Contracts, § 443, cited by the other side, this qualification is added: "Though fraud in such cases must be substantively proved." And see Wicker v. Hoppock, 6 Wall. 94, 18 L. ed. 752; Phippen v. Stickney, 3 Met. 384; Marie v. Garrison, 83 N. Y. 15; Smull v. Jones, 1 Watts & S. 128, 6 Watts & S. 122.

Bidders are often deterred and the price depressed by a bidder announcing that he is buying for the benefit of the debtor or his family; yet, if his purpose was honest, the sale cannot be impeached. Dick v. Cooper, 24 Pa. 217, 64 Am. Dec. 652; Abbey v. Dewey, 25 Pa. 413; Sharp v. Long, 28 Pa. 433.

The fourth specification alleges error in negativing plaintiff's fourth point, "that, under all the evidence in the case, the verdict of the jury should be for the plaintiff." It is now, for the first time, claimed that this point raises two additional ques-

tions: the one as to the authority to make the alleged contract; the other as to whose contract it is. Neither of these questions was raised, discussed, or even hinted at, in the trial below. It is not error to omit to charge a jury on a point of law to which the attention of the judge was not particularly called. Poorman v. Smith, 2 Serg. & R. 464; Rahn v. M'Elrath, 6 Watts, 151; Newman v. Edwards, 34 Pa. 32; Davis v. Bigler, 62 Pa. 243, 1 Am. Rep. 393; Fox v. Fox, 96 Pa. 60.

PER CURIAM:

We see nothing in the arrangement contrary to public policy. It was not made for the purpose of injuring other creditors nor to deter them from bidding. Such was not its effect. There was neither actual nor legal fraud in the transaction. The end to be accomplished was lawful.

Judgment affirmed.